**MCCULLOCH | KLEINMAN LAW**
Kevin P. McCulloch
kevin@mkiplaw.com
Nate A. Kleinman
nate@mkiplaw.com
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL J. LE BRECHT, II,<br><br>*Plaintiff*,<br><br>v.<br><br>THE UPPER DECK COMPANY; FANATICS, LLC; AND JOHN DOES 1-10,<br><br>*Defendants.* | Civil Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

PLAINTIFF Michael J. Le Brecht, II ("PLAINTIFF"), by and through undersigned counsel, hereby demands a trial by jury of all claims and issues so triable, and, as for his Complaint for copyright infringement against DEFENDANTS The Upper Deck Company ("UPPER DECK"); Fanatics, LLC ("FANATICS"); and John Does 1-10 ("DOE DEFENDANTS") (together "DEFENDANTS"), hereby asserts and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement and related claims brought by PLAINTIFF against DEFENDANTS for the infringing and unauthorized use of an original photograph to which PLAINTIFF owns all copyrights (hereinafter the "PHOTOGRAPH").

2. A copy of the PHOTOGRAPH is attached hereto as EXHIBIT 1.

3. PLAINTIFF'S copyrights to the PHOTOGRAPH, which he titled "LBJ_THE DUNK," are registered with the U.S. Copyright Office under VA 2-353-879.

4. PLAINTIFF seeks damages and other relief related to DEFENDANTS' infringement of his copyrights in and to the PHOTOGRAPH and other related violations of his rights.

## PARTIES

5. PLAINTIFF is a resident of the State of New Jersey.

6. PLAINTIFF is a professional photographer who makes his living taking and licensing sports-related photographs.

7. In or around February 2002, PLAINTIFF created several original photographs of LeBron James, who was still in high school at the time, that would later be published in a Sports Illustrated article about Mr. James.

8. PLAINTIFF is the author of the PHOTOGRAPH and owns all copyrights in and to the PHOTOGRAPH.

9. DEFENDANTS are sports memorabilia dealers that create and sell various sports memorabilia and related commercial products primarily through their websites.

10. UPPER DECK owns and operates a website located at https://upperdeckstore.com/ (the "UPPER DECK WEBSITE"), through which it advertises and sells sports memorabilia and other commercial products, including original memorabilia products that it creates.

11. Upon information and belief, FANATICS owns and operates a website located at https://www.steinersports.com/ ("STEINER SPORTS WEBSITE"), which it acquired in or around 2019 as part of its acquisition of a company previously known as Steiner Sports Marketing & Memorabilia, Inc., and it continues to use "Steiner Sports Official Online Store" and "Steiner Sports Memorabilia" as brand or trade names for the STEINER SPORTS WEBSITE.

12. Upon information and belief, FANATICS owns and operates a website located at https://www.sportsmemorabilia.com/ ("SPORTSMEMORABILIA.COM").

13. FANATICS uses both the STEINER SPORTS WEBSITE and SPORTSMEMORABILIA.COM to advertise and sell sports memorabilia and other commercial products, including memorabilia products that are created by other companies and, in some cases, are shipped directly to customers by those other companies that FANATICS identifies as "trusted partners" ("FANATICS PARTNERS").

14. UPPER DECK infringed PLAINTIFF'S copyrights by copying the PHOTOGRAPH and then reproducing it as the primary feature in a sports memorabilia product (the "INFRINGING PRODUCT"), all without permission, authorization, or license.

15. UPPER DECK infringed PLAINTIFF'S copyrights by selling numerous copies of the INFRINGING PRODUCT that prominently featured an infringing copy of the PHOTOGRAPH, including through the UPPER DECK WEBSITE and through other third-party websites, including but not limited to Amazon.com.

16. FANATICS infringed PLAINTIFF'S copyrights by copying and publishing the PHOTOGRAPH in displaying and offering to sell the INFRINGING PRODUCT created by UPPER DECK.

17. Upon information and belief, FANATICS infringed PLAINTIFF'S copyrights by distributing unlicensed copies of the PHOTOGRAPH that were prominently featured in the INFRINGING PRODUCT created by UPPER DECK.

18. The DOE DEFENDANTS are other resale websites that copied and published the PHOTOGRAPH in displaying and offering the infringing sports memorabilia product for sale and/or that did sell the illegal and infringing sports memorabilia products created by UPPER DECK.

**JURISDICTION AND VENUE**

19. Jurisdiction for PLAINITFF'S claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

20. Venue is proper in this Court under 28 U.S.C. §§ 1391(a) and (b) because, upon information and belief, DEFENDANTS reside and/or are located in this District; DEFENDANTS conduct substantial business within the State of New York, and DEFENDANTS infringed PLAINTIFF'S copyrights within the State of New York and this District as described herein.

21. Venue also is appropriate under 28 U.S.C. § 1400(a) because DEFENDANTS may be found in this District.

22. UPPER DECK is a Nevada corporation with its primary office located at 5830 El Camino Real, Carlsbad, California 92008.

23. FANATICS is a Delaware corporation with a registered agent located in Delaware and Florida.

24. DEFENDANTS are subject to personal jurisdiction in this District because they reside and/or are located in this District and they both conduct substantial and ongoing business in the State of New York and this District.

25. Upon information and belief, both DEFENDANTS have employees who work and reside in the State of New York and in this District.

26. Upon information and belief, both DEFENDANTS conduct substantial business with numerous companies that reside in and/or operate in this District, including but not limited to each other.

**GENERAL ALLEGATIONS**

27. UPPER DECK infringed PLAINTIFF'S copyrights by copying the PHOTOGRAPH and then reproducing it as the featured photograph in a sports memorabilia product, all without permission, authorization, or license.

28. Attached hereto as EXHIBIT 2 is a true and correct copy of screen captures showing that the INFRINGING PRODUCT created, published, and sold by UPPER DECK that included the PHOTOGRAPH being offered for sale on both the UPPER DECK WEBSITE and through Amazon.com.

29. The original Sports Illustrated article that included a copy of the PHOTOGRAPH also included a specific copyright notice identifying PLAINTIFF as the owner of the copyrights in and to the PHOTOGRAPH, as did the .

30. Attached hereto as EXHIBIT 3 are true and correct copies of both the relevant page of the Sports Illustrated article and a screen capture of the PHOTOGRAPH that was published

online by Sports Illustrated on its www.vault.si.com website, both of which included PLAINTIFF'S copyright notice.

31. Although Sports Illustrated had permission to publish the PHOTOGRAPH, it did not have any right, permission, or authority to grant a license to any company to copy, edit, reproduce, or use the PHOTOGRAPH in a commercial memorabilia product.

32. Sports Illustrated did not grant a license to any DEFENDANTS, or any other company, to copy, edit, reproduce, or use the PHOTOGRAPH in a commercial memorabilia product.

33. PLAINTIFF also previously licensed the PHOTOGRAPH through Getty Images (US), Inc. ("Getty Images").

34. In displaying the PHOTOGRAPH for licensing purposes, Getty Images imposed its own watermark over the low-resolution copy of the PHOTOGRAPH and included notice that PLAINTIFF owned the copyrights to the PHOTOGRAPH.

35. Attached hereto as EXHIBIT 4 is a true and correct copy of a screen capture of the Getty Images' website demonstrating PLAINTIFF'S copyright notice.

36. Getty Images did not grant a license to any DEFENDANTS, or any other company, to copy, edit, reproduce, or use the PHOTOGRAPH in a commercial memorabilia product.

37. Upon information and belief, UPPER DECK copied the PHOTOGRAPH without permission and intentionally and knowingly removed, cropped out, or otherwise omitted PLAINTIFF'S copyright notice.

38. Upon information and belief, UPPER DECK also intentionally and knowingly removed the Getty Images watermark and altered the PHOTOGRAPH to edit out the Adidas branding/logo from Mr. James's socks because he now is a Nike ambassador.

39. Upon information and belief, UPPER DECK altered the PHOTOGRAPH and removed PLAINTIFF'S copyright management information for the express purpose of unlawfully distributing the PHOTOGRAPH and to hide, conceal, and/or make it more difficult to discover its infringing conduct.

40. The infringing and illegal conduct by UPPER DECK induced, facilitated, and encouraged further downstream infringement of PLAINTIFF'S copyrights on various resale websites, including but not limited to the copying and publishing of the PHOTOGRAPH by FANATICS on both the STEINER SPORTS WEBSITE and SPORTSMEMORABILIA.COM and by the DOE DEFENDANTS.

41. FANATICS infringed PLAINTIFF'S copyrights by copying and publishing the PHOTOGRAPH in displaying and offering to sell the INFRINGING PRODUCT created by UPPER DECK.

42. Upon information and belief, FANATICS infringed PLAINTIFF'S copyrights by distributing unlicensed copies of the PHOTOGRAPH that were prominently featured in the INFRINGING PRODUCT created by UPPER DECK.

43. PLAINTIFF did not grant permission, license, or authority to DEFENDANTS to copy, reproduce, publish, display, or make use of any kind of the PHOTOGRAPH.

## COUNT I
## COPYRIGHT INFRINGEMENT
## AGAINST ALL DEFENDANTS

44. PLAINTIFF repeats and re-alleges each of the above allegations as if set forth fully herein.

45. PLAINTIFF is the author of and owns all copyrights in and to the PHOTOGRAPH.

46. DEFENDANTS did not have a license, authorization, or permission to copy, publish, display, sell, or create derivative works using copies of the PHOTGRAPH.

47. DEFENDANTS copied, published, displayed, distributed, offered for sale, and/or sold copies of the INFRINGING PRODUCT that included unauthorized copies of the PHOTOGRAPH as alleged herein.

48. DEFENDANTS' actions alleged herein were willful, knowing, intentional, and/or reckless.

**COUNT II**
**ILLEGAL REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION AGAINST UPPER DECK**

49. PLAINTIFF repeats and re-alleges each of the above allegations as if set forth fully herein.

50. As alleged herein, the publicly available copies of the PHOTOGRAPH included information identifying PLAINTIFF as the owner, author, and/or owner of the copyrights in the PHOTOGRAPH.

51. As alleged herein, UPPER DECK intentionally and knowingly removed PLAINTIFF'S copyright management information from the PHOTOGRAPH without PLAINTIFF'S permission or authorization.

52. As alleged herein, UPPER DECK intentionally and knowingly reproduced and distributed a product that included a copy of the PHOTOGRAPH knowing that PLAINTIFF'S copyright management had been removed without permission.

53. UPPER DECK removed PLAINTIFF'S copyright management information knowing, or having reasonable grounds to know, that doing so would induce, enable, facilitate, or conceal its infringement of PLAINTIFF'S copyrights.

**WHEREFORE,** PLAINTIFF respectfully prays for judgment on his behalf and for the following relief:

1. A jury trial on all issues so triable;

2. A permanent injunction against DEFENDANTS from copying, displaying, distributing, advertising, promoting, and/or selling the INFRINGING PRODUCT or any other products that include unauthorized copies of the PHOTOGRAPH, and requiring DEFENDANTS to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of unauthorized copies of the PHOTOGRAPH and all copies of the INFRINGING PRODUCT that are in the control or possession or custody of DEFENDANTS;

3. All allowable damages under the Copyright Act related to the infringement of PLAINTIFF'S copyrights in the PHOTOGRAPH and the intentional removal of PLAINTIFF'S copyright management information, as alleged herein;

4. PLAINTIFF'S taxable costs and reasonable attorneys' fees incurred in pursuing and litigating this matter, if available; and

5. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**
Dated March 5, 2024

Respectfully submitted,

McCulloch Kleinman Law

By: ______________________

Nathaniel A. Kleinman
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
nate@mkiplaw.com
*Attorney for Plaintiff*