IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL J. LE BRECHT, II,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UPPER DECK COMPANY AND JOHN DOES 1-10,<br><br>*Defendants*. | Case No. 1:24-cv-01679-NRB<br><br>Hon. Naomi Reice Buchwald |

## **PROTECTIVE ORDER**

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby ORDERED that any person subject to this Order – including out limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

    1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential – For Counsel Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.  A disclosing party shall designate material as Confidential or Highly Confidential – For Counsel Only only to the extent that it reasonably and in good faith believes that such material is in fact Confidential or Highly Confidential as defined herein.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of: (a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins); (b) previously nondisclosed material relating to ownership or control of any non-public company; (c) previously nondisclosed business plans, product development information, or marketing plans; (d) any information of a personal or intimate nature regarding any individual; or (e) any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as Highly Confidential – For Counsel Only only such discovery material that contains sensitive, proprietary, confidential, and/or personal information which a disclosing party in good faith believes constitutes Confidential discovery material but for which the "Confidential" status does not provide sufficient protection because the disclosing party believes in good faith that disclosure of the discovery material to the opposing party may cause or risk prejudice, harm, or damage to its business or interests.

4. With respect to the Confidential or Highly Confidential – For Counsel Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – For Counsel Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – For Counsel Only" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question

calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Highly Confidential – For Counsel Only, they may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential or Highly Confidential – For Counsel Only to any other person whomsoever, except to: (a) the parties to this action; (b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter; (c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy; (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; (e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; (f) stenographers engaged to transcribe depositions conducted in this action; and (g) the Court and its support personnel.

7. Information designated "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by counsel of the receiving party, and by independent experts under the conditions

set forth in this Order. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms appearing in this matter as outside counsel of record. The right of any independent expert to receive any confidential information will be subject to executing a copy of the form attached hereto as **Exhibit A**.

8. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

10. Any party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. A party receiving such notice shall respond to the grounds for the objection or request in writing within three business days, either (a)

stipulating to the request or withdrawing the challenged designation or (b) stating with particularity the basis for disagreeing, after which counsel for the parties shall meet and confer to attempt to resolve their disagreement. If agreement cannot be reached, the party challenging a designation shall seek relief from the Court pursuant to Paragraph 2 of the Court's Individual Practices. The disclosing party retains the burden of establishing a proper basis for its confidentiality designations.

11. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the

Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16. As with any information redacted or withheld, the receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17. The disclosing party retains the burden of maintaining the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

18. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential – For Counsel Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

19. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| | |
|---|---|
| */s/  Kevin McCulloch* | */s/ Shaun Markley* |
| Kevin McCulloch, Esq. | Shaun Markley, Esq. |
| McCulloch Kleinman Law | Nicholas & Tomasevic, LLP |
| 501 Fifth Avenue, Suite 1809 | 225 Broadway, 19th Floor |
| New York, NY 10017 | San Diego, CA  92101 |
| kevin@mkiplaw.com | SMarkley@nicholaslaw.org |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant Upper Deck Co.* |

**SO ORDERED.**

Dated: 09/27/2024
New York, New York

_____
Hon. Naomi Reice Buchwald,
United States District Judge

## **EXHBIT A**

### ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of New York on September \_\_\_, 2024 in the case *Michael J. Le Brecht, II v. The Upper Deck Company and John Does 1-10*, Case No. 31:24-cv-01679 (S.D.N.Y). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint\_\_\_\_\_ [print or type full name] of _____ [print or type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____